1  Steven J. Corr (State Bar No. 216243)
   sjcorr@jonesday.com
2  Jonathan McNeal Smith (State Bar No. 292285)
   jonathansmith@jonesday.com
3  JONES DAY
   555 South Flower Street
4  Fiftieth Floor
   Los Angeles, CA  90071.2452
5  Telephone: +1.213.489.3939
   Facsimile:  +1.213.243.2539
6
   William E. Devitt (*Pro Hac Vice* to be filed)
7  wdevitt@jonesday.com
   Matthew J. Hertko (*Pro Hac Vice* to be filed)
8  mhertko@jonesday.com
   JONES DAY
9  77 W. Wacker Drive
   Suite 3500
10 Chicago, IL  60601
   Telephone: +1.312.782.3939
11 Facsimile:  +1.312.782.8585

12 *Attorneys for Plaintiff Epson America, Inc.*

13

14

15                UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                    SOUTHERN DIVISION

18

19 Epson America, Inc.,                  CASE NO. 8:21-cv-02102

20
                  Plaintiff,            **COMPLAINT SEEKING**
21                                       **DECLARATORY JUDGMENT**
                                         **FOR PATENT NON-**
22      v.                               **INFRINGEMENT**

23
   American Patents LLC,                 DEMAND FOR JURY TRIAL
24
                  Defendant.
25

26

27

28

1  Plaintiff Epson America, Inc. ("Epson America"), by and through its

2  undersigned counsel, files this Complaint for Declaratory Judgment against

3  American Patents LLC ("Defendant" or "AP") and hereby alleges as follows:

4  **NATURE OF THE ACTION**

5  1.  This is an action arising under the Declaratory Judgment Act, 28 U.S.C.

6  §2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, seeking

7  a declaratory judgment of noninfringement of United States Patent Nos. 7,088,782

8  ("the '782 Patent"); 7,310,304 ("the '304 Patent"); 7,706,458 ("the '458 Patent");

9  and 6,847,803 ("the '803 Patent") (collectively, the "Patents-in-Suit").

10  **THE PARTIES**

11  2.  Plaintiff Epson America, Inc. is a California corporation having its

12  principal place of business at 3131 Katella Ave., Los Alamitos, CA, 90720.

13  3.  Upon information and belief, AP is a limited liability company formed

14  under the laws of the State of Texas, with its principal place of business at 2325 Oak

15  Alley, Tyler, TX, 75703.

16  **JURISDICTION AND VENUE**

17  4.  This action arises under the Declaratory Judgment Act, 28 U.S.C. §2201

18  *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

19  5.  This Court has subject matter jurisdiction over this action pursuant to 28

20  U.S.C. §§ 1331, 1338(a), 2201, and 2202.

21  6.  This Court has personal jurisdiction over the parties.  Defendant is

22  subject to personal jurisdiction in this District at least because it has established

23  minimum contacts with this Forum and the claims in this Complaint arise out of and

24  relate to Defendant's activities in and directed at California.

25  **A.  Defendant AP Has Directed Its Infringement Allegations at Epson**
26  **America**

27  7.  AP filed a complaint on September 15, 2021 in the United States District

28  Court for the Eastern District of Texas against Seiko Epson Corporation ("Seiko

Japan") and Epson Precision Philippines, Inc. ("Epson Philippines") ("the ED Texas Complaint").   This case is styled as *American Patents LLC v. Seiko Epson Corporation et al.*, No. 4:21-cv-718 (E.D. Tex.).  Attached hereto as Exhibit A is a copy of the ED Texas Complaint.

8.    In the ED Texas Complaint, AP alleges that Seiko Japan and Epson Philippines directly infringe all four AP Patents-In-Suit and indirectly infringe the '782 Patent, the '304 Patent, and the '458 Patent.

9.    Epson America and Epson Philippines are both wholly-owned subsidiaries of Seiko Japan.

10.    Seiko Japan is a Japanese company based in Nagano, Japan.  Seiko Japan has no facilities or contacts in the United States and does not make, use, sell, or offer to sell any products in, or import any products into, the United States.

11.    Epson Philippines is a Philippine company based in Lipa, Philippines. Epson Philippines has no facilities or contacts in the United States and does not make, use, sell, or offer to sell any products in, or import any products into, the United States.

12.    In the ED Texas Complaint, AP has accused the Epson EpiqVision Mini EF12 Smart Streaming Laser Projector, Epson PowerLite 1288 Full HD 1080p Meeting Room Projector with Built-in Wireless and Miracast, and Epson Moverio BT-40S Smart Glasses with Intelligent Touch Controller families of products that include 802.11n and above capabilities of infringing the '782 Patent, the '304 Patent, and the '458 Patent.  (Ex. A, at ¶¶ 20, 35, 48).

13.    In the ED Texas Complaint, AP has accused the Epson EpiqVision Mini EF12 Smart Streaming Laser Projector and Epson Moverio BT-350 Smart Glasses families of products that include 802.11ac beamforming capabilities of infringing the '803 Patent.  (Ex. A, at ¶¶ 64).

14.    Epson America is the only company within the Epson corporate structure with responsibility for sales in the United States of Epson's projectors,

laser projectors, smart glasses, printers, and other categories of products, including the Epson EpiqVision Mini EF12 Smart Streaming Laser Projector, the Epson PowerLite 1288 Full HD 1080p Meeting Room Projector with Built-in Wireless and Miracast, the Epson Moverio BT-40S Smart Glasses, and the Epson Moverio BT-350 Smart Glasses that AP has accused of infringing the Patents-In-Suit.

15.     In support of its allegations of infringement in the ED Texas Complaint, AP included images of the accused Epson products and, in each instance, included a URL from the "https://epson.com" website as the source.  There are five unique URLs among the 26 instances the  "https://epson.com" website is referenced in the ED Texas Complaint.  (Ex. A, at ¶¶ 20, 22, 27, 35, 40, 48, 52, 53, 64).

16.     The "https://epson.com" website is operated and controlled by Epson America for the U.S. Market.

17.     Three of the five unique URLs referenced in the ED Texas Complaint are webpages from the Epson America-controlled epson.com website, as indicated by the reference to "© 2021 Epson America, Inc.," and the references and links to the California Supply Chains Act and California privacy rights, at the bottom of each webpage.  (Ex. A, at ¶¶ 20, 35, 48, 64).

18.     Attached hereto as Exhibit B is a true and correct copy of a printout from the webpage found at the following URL, which is referenced by AP in Paragraphs 20, 35, 48, and 64 of the ED Texas Complaint:  https://epson.com/For-Work/Wearables/Smart-Glasses/Moverio-BT-350-Smart-Glasses/p/V11H837020.

19.     Attached hereto as Exhibit C is a true and correct copy of a printout from the webpage found at the following URL, which is referenced by AP in Paragraphs 20, 35, and 48 of the ED Texas Complaint:  https://epson.com/For-Work/Projectors/Meeting-Room/PowerLite-1288-Full-HD-1080p-Meeting-Room-Projector-with-Built-in-Wireless-and-Miracast/p/V11H978120.

20.     Attached hereto as Exhibit D is a true and correct copy of a printout from the webpage found at the following URL, which is referenced by AP in

Paragraphs 20, 35, and 48 of the ED Texas Complaint:

https://epson.com/c/Moverio-BT-40S-Smart-Glasses-with-Intelligent-Touch-Controller/p/V11H969120.

21.    Two of the five unique URLs referenced in the ED Texas Complaint are links to specification sheets for products from the Epson America-controlled epson.com website, as indicated by the reference to "Epson America, Inc." and its address on each document. (Ex. A, at ¶¶ 20, 22, 27, 35, 40, 48, 52, 53).

22.    Attached hereto as Exhibit E is a true and correct copy of the specification sheet found at the following URL, which is referenced by AP in Paragraphs 20, 22, 27, 35, 40, 48, 52, and 53 of the ED Texas Complaint:

https://mediaserver.goepson.com/ImConvServlet/imconv/ea07add1b62aa56ea9487 96f4feb479a84d2c8bf/original?assetDescr=PowerLite-1288-Projector_Specification-Sheet-CPD-59278.

23.    Attached hereto as Exhibit F is a true and correct copy of the specification sheet found at the following URL, which is referenced by AP in Paragraphs 20, 22, 27, 35, 40, 48, 52, and 53 of the ED Texas Complaint:

https://epson.com/medias/Moverio-BT-40s-Product-Specification-Sheet-CPD-60657-Final.pdf?context=bWFzdGVyfHJvb3R8NTE0Mjk5fGFwcGxpY2F0aW9uL3BkZ nxoMzYvaDQ0Lzk2MzIyNzcxMDI2MjIucGRmfDI3Y2ZhYmIxNWFlZGYxYTl mOTRmMmFjNWQ0NmRmOGMzN2RkMGM4MTYyMGU1Mzc1MmU3OTTfi M2U0N2MwNjc3NDc.

24.    By supporting its infringement allegations with direct references to products on the Epson America website that are marketed and sold by Epson America in the United States, AP has directly implicated Epson America in its claims for patent infringement.

25.     The ED Texas Complaint also specifically identifies Epson America, Inc. as a "United States based affiliate" that is included in the alleged "established United States distribution channels" for Epson products.  (*See* Ex. A at ¶ 81).

26.     AP's claims for patent infringement against Seiko Japan and Epson Philippines are based on Epson America's conduct in the United States.

27.     AP has directed its claims for patent infringement at Epson America in California and this District.

**B. Defendant AP Has Directed its Licensing Efforts At California**

28.     AP has directed licensing efforts—including licensing of the Patents-in-Suit—at California.

29.     On information and belief, AP has licensed one or more of the Patents-in-Suit to at least eight California-based companies as part of agreements resolving patent infringement lawsuits filed by AP asserting the Patents-in-Suit.

30.     On information and belief, AP entered into a settlement and license agreement with TCT Mobile (US) with regard to at least the '782 Patent, the '304 Patent, and the '458 Patent on or about July 8, 2019.  On information and belief, TCT Mobile (US) has its principal place of business in Irvine, California.  Attached hereto as Exhibit G is a true and correct copy of a Joint Motion to Stay All Deadlines and Notice of Settlement  filed on June 14, 2019 in the litigation brought by AP against TCT Mobile (US), styled as *American Patents LLC v. TCL King Electrical Appliances (Huizhou) Co. Ltd. et al.*, No. 4:18-cv-767-ALM (E.D. Tex.), D.I. 62.

31.     On information and belief, AP entered into a settlement and license agreement with HP Inc. with regard to at least the '782 Patent, the '304 Patent, and the '458 Patent on or about July 23, 2019.  On information and belief, HP Inc. has its principal place of business in Palo Alto, California.  Attached hereto as Exhibit H is a true and correct copy of a Joint Motion to Dismiss HP filed in the litigation brought by AP against HP Inc., styled as *American Patents LLC v. HP Inc.*, No. 4:18-cv-700-ALM (E.D. Tex.), D.I. 71.

32.    On information and belief, AP entered into a settlement and license agreement with Fortinet, Inc. with regard to at least the '782 Patent, the '304 Patent, and the '458 Patent on or about February 26, 2020.  On information and belief, Fortinet, Inc. has its principal place of business in Sunnyvale, California.  Attached hereto as Exhibit I is a true and correct copy of a Stipulated Motion for Dismissal with Prejudice filed in the litigation brought by AP against Fortinet, Inc., styled as *American Patents LLC v. Fortinet, Inc.*, No. 4:19-cv-878-ALM (E.D. Tex.), D.I. 16.

33.    On information and belief, AP entered into a settlement and license agreement with Juniper Networks, Inc. with regard to at least the Patents-in-Suit on or about July 29, 2020.  On information and belief, Juniper Networks, Inc. has its principal place of business in Sunnyvale, California.  Attached hereto as Exhibit J is a true and correct copy of a Joint Motion to Dismiss filed in the litigation brought by AP against Juniper Networks, Inc., styled as *American Patents LLC v. Juniper Networks, Inc.*, No. 4:19-cv-879-ALM (E.D. Tex.), D.I. 35.

34.    On information and belief, AP entered into a settlement and license agreement with Extreme Networks, Inc. with regard to at least the Patents-in-Suit on or about November 16, 2020.  On information and belief, Extreme Networks, Inc. has its principal place of business in San Jose, California.  Attached hereto as Exhibit K is a true and correct copy of a Joint Stipulation of Dismissal With Prejudice filed in the litigation brought by AP against Extreme Networks, Inc., styled as *American Patents LLC v. Extreme Networks, Inc.*, No. 6:20-cv-741-ADA (W.D. Tex.), D.I. 17.

35.    On information and belief, AP entered into a settlement and license agreement with Arista Networks, Inc. with regard to at least the Patents-in-Suit on or about December 8, 2020.  On information and belief, Arista Networks, Inc. has its principal place of business in Santa Clara, California.  Attached hereto as Exhibit L is a true and correct copy of a Joint Motion to Dismiss Arista filed in the litigation brought by AP against Arista Networks, Inc., styled as *American Patents LLC v. Arista Networks, Inc.*, No. 6:20-cv-740-ADA (W.D. Tex.), D.I. 19.

36.     On information and belief, AP entered into a settlement and license agreement with Roku, Inc. with regard to at least the Patents-in-Suit on or about June 15, 2021.  On information and belief, Roku, Inc. has its principal place of business in San Jose, California.  Attached hereto as Exhibit M is a true and correct copy of a Joint Motion to Dismiss Roku filed in the litigation brought by AP against Roku, Inc., styled as *American Patents LLC v. Roku, Inc.*, No. 6:20-cv-742-ADA (W.D. Tex.), D.I. 37.

37.     On information and belief, AP entered into a settlement and license agreement with Polycom, Inc. with regard to at least the '782 Patent, the '304 Patent, and the '458 Patent on or about December 20, 2021.  On information and belief, Polycom, Inc. has its principal place of business in Santa Cruz, California.  Attached hereto as Exhibit N is a true and correct copy of a Joint Motion to Dismiss the Polycom Defendants filed in the litigation brought by AP against Polycom, Inc., styled as *American Patents LLC v. Polycom, Inc. et al.*, No. 6:21-cv-742-ADA (W.D. Tex.), D.I. 25.

38.     AP has filed at least 40 lawsuits, all in either the Eastern District of Texas or the Western District of Texas, asserting one or more of the Patents-in-Suit. Of those at least 40 lawsuits, 30 have been dismissed, all of them before any *Markman* hearing was held and many of them before any responsive pleading was filed by the named defendants.

39.     On or about September 15, 2021, AP sued CalAmp Wireless Networks Corp. in the Eastern District of Texas for patent infringement, asserting the '782 Patent, the '304 Patent, and the '458 Patent in a case styled as *American Patents LLC v. CalAmp Wireless Networks Corp.*, No. 4:21-cv-716-ALM (E.D. Tex.), D.I. 1.  On information and belief, CalAmp Wireless Networks Corp. has its principal place of business in Irvine, California.  On information and belief, based upon its prolific practice of filing and settling patent infringement lawsuits, AP is attempting to negotiate a settlement and license agreement with CalAmp Wireless Networks Corp.

40. On information and belief, AP has directed its business activities—and particularly its efforts at licensing the Patents-in-Suit—at the State of California on at least nine separate occasions.

41. AP's attempts to enforce or license the Patents-in-Suit is a form of creating and exploiting a market in California for patent licenses.

**C.    An Immediate and Real Controversy Exists Between Epson America and AP**

42. By specifically invoking Epson America and its role in importing and selling products accused of infringement in the United States in the ED Texas Complaint, AP has directly implicated Epson America in its claim for patent infringement, and its claim for infringement against Seiko Japan and Epson Philippines is based on Epson America's conduct in the United States.

43. A substantial controversy of sufficient immediacy and reality regarding the alleged infringement of the Patents-in-Suit exists between Epson America and AP to warrant the issuance of a declaratory judgment of noninfringement.

44. AP's actions directed at Epson America through its allegations in the ED Texas Complaint go beyond a threat of patent enforcement and subject Epson America to a reasonable apprehension of suit by AP for infringement of the Patents-in-Suit.

**D.    AP is Subject to Personal Jurisdiction and Venue is Proper**

45. AP is subject to personal jurisdiction because it has established the requisite minimum contacts with this Forum and has deliberately reached out beyond its home by exploiting a market in California.

46. AP has deliberately directed its efforts—including efforts in enforcing the Patents-in-Suit—at California by specifically invoking Epson America and its role in importing and selling products accused of infringement in the United States in the ED Texas Complaint, and basing its claims for infringement against Seiko

Japan and Epson Philippines on Epson America's conduct in the United States and, specifically, California and this Forum.

47.  AP has deliberately directed its efforts—including efforts in licensing the Patents-in-Suit—at California by, on information and belief, negotiating and entering into settlement and license agreements with corporations resident in California.

48.  AP has purposefully availed itself of the benefits of California, and has established minimum contacts with the Forum, through its activities directed at Epson America and the other corporations resident in California described herein.

49.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because AP is subject to personal jurisdiction in this Judicial District, and because a substantial part of the events giving rise to Epson America's claims occurred in this District.

**COUNT I: NON-INFRINGEMENT OF U.S. PATENT NO. 7,088,782**

50.  Epson America repeats and realleges each and every allegation contained in Paragraphs 1 through 49 as though fully set forth herein.

51.  In the ED Texas Complaint, AP claims it is the owner of the '782 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to enforce the '782 Patent against alleged infringers and to collect damages for all relevant times.  (Ex. A, at ¶ 19).

52.  In the ED Texas Complaint, AP alleges that Seiko Japan and Epson Philippines directly and indirectly infringe claim 30 of the '782 Patent.  (Ex. A, at ¶¶ 21, 30, 72, 77, 88, 98).

53.  As described above, AP's allegations of infringement against Seiko Japan and Epson Philippines in the ED Texas Complaint, including of infringement of the '782 Patent, are based on conduct of Epson America in the United States.

54.  In the ED Texas Complaint, AP alleges that the Epson EpiqVision Mini EF12 Smart Streaming Laser Projector, Epson PowerLite 1288 Full HD 1080p

Meeting Room Projector with Built-in Wireless and Miracast, and Epson Moverio BT-40S Smart Glasses with Intelligent Touch Controller families of products that include 802.11n and above capabilities infringe claim 30 of the '782 Patent.  (Ex. A, at ¶¶ 20, 21).

55.     None of the Epson EpiqVision Mini EF12 Smart Streaming Laser Projector, Epson PowerLite 1288 Full HD 1080p Meeting Room Projector with Built-in Wireless and Miracast, or Epson Moverio BT-40S Smart Glasses with Intelligent Touch Controller practice the method of claim 30 of the '782 Patent because they do not perform a method that includes the following steps: "producing a frame of data comprising a training symbol that includes a synchronization component that aids in synchronization, a plurality of data symbols, and a plurality of cyclic prefixes;" "transmitting the frame over a channel;" "receiving the transmitted frame;" "demodulating the received frame;" or "synchronizing the received demodulated frame to the transmitted frame such that the data symbols are synchronized in the time domain and frequency domain; wherein the synchronizing in the time domain comprises coarse time synchronizing and fine time synchronizing," as claimed in claim 30 of the '782 Patent.

56.     Accordingly, Epson America has not infringed and does not infringe claim 30 of the '782 Patent, either directly, indirectly, literally, or under the doctrine of equivalents.

57.     An actual and justiciable controversy therefore exists between Epson America and AP regarding whether Epson America has infringed the '782 Patent.

58.     A judicial declaration is necessary to determine the parties' respective rights regarding the '782 Patent.

59.     Epson America is entitled to a judgment declaring that it has not infringed and does not infringe claim 30 of the '782 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

1    **COUNT II: NON-INFRINGEMENT OF U.S. PATENT NO. 7,310,304**

2        60.    Epson America repeats and realleges each and every allegation

3    contained in Paragraphs 1 through 49 as though fully set forth herein.

4        61.    In the ED Texas Complaint, AP claims it is the owner of the '304 Patent,

5    with all substantive rights in and to that patent, including the sole and exclusive right

6    to enforce the '304 Patent against alleged infringers and to collect damages for all

7    relevant times.  (Ex. A, at ¶ 34).

8        62.    In the ED Texas Complaint, AP alleges that Seiko Japan and Epson

9    Philippines directly and indirectly infringe claim 1 of the '304 Patent.  (Ex. A, at ¶¶

10   36, 43, 72, 77, 88, 98).

11       63.    As described above, AP's allegations of infringement against Seiko

12   Japan and Epson Philippines in the ED Texas Complaint, including of infringement

13   of the '304 Patent, are based on conduct of Epson America in the United States.

14       64.    In the ED Texas Complaint, AP alleges that the Epson EpiqVision Mini

15   EF12 Smart Streaming Laser Projector, Epson PowerLite 1288 Full HD 1080p

16   Meeting Room Projector with Built-in Wireless and Miracast, and Epson Moverio

17   BT-40S Smart Glasses with Intelligent Touch Controller families of products that

18   include 802.11n and above capabilities infringe claim 1 of the '304 Patent.  (Ex. A,

19   at ¶¶ 35, 36).

20       65.    None of the Epson EpiqVision Mini EF12 Smart Streaming Laser

21   Projector, Epson PowerLite 1288 Full HD 1080p Meeting Room Projector with

22   Built-in Wireless and Miracast, or Epson Moverio BT-40S Smart Glasses with

23   Intelligent Touch Controller infringe claim 1 of the '304 Patent because they do not

24   include a transmitter comprising the following elements:  "an encoder configured to

25   process data to be transmitted within the OFDM system, the encoder further

26   configured to separate the data onto one or more transmit diversity branches

27   (TDBs);" "one or more OFDM modulators, each OFDM modulator connected to a

28   respective TDB, each OFDM modulator configured to produce a frame including a

plurality of data symbols, a training structure, and cyclic prefixes inserted among the data symbols;" and "one or more transmitting antennas in communication with the one or more OFDM modulators, respectively, each transmitting antenna configured to transmit the respective frame over a channel;" "wherein the training structure of each frame includes a predetermined signal transmission matrix at a respective sub-channel, each training structure adjusted to have a substantially constant amplitude in a time domain, and the cyclic prefixes are further inserted within the training symbol, and wherein the cyclic prefixes within the training symbol are longer than the cyclic prefixes among the data symbols, thereby countering an extended channel impulse response and improving synchronization performance," as claimed in claim 1 of the '304 Patent.

66. Accordingly, Epson America has not infringed and does not infringe claim 1 of the '304 Patent, either directly, indirectly, literally, or under the doctrine of equivalents.

67. An actual and justiciable controversy therefore exists between Epson America and AP regarding whether Epson America has infringed the '304 Patent.

68. A judicial declaration is necessary to determine the parties' respective rights regarding the '304 Patent.

69. Epson America is entitled to a judgment declaring that it has not infringed and does not infringe claim 1 of the '304 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

**COUNT III: NON-INFRINGEMENT OF U.S. PATENT NO. 7,706,458**

70. Epson America repeats and realleges each and every allegation contained in Paragraphs 1 through 49 as though fully set forth herein.

71. In the ED Texas Complaint, AP claims it is the owner of the '458 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to enforce the '458 Patent against alleged infringers and to collect damages for all relevant times. (Ex. A, at ¶ 47).

72. In the ED Texas Complaint, AP alleges that Seiko Japan and Epson Philippines directly and indirectly infringe claim 1 of the '458 Patent. (Ex. A, ¶¶ 49, 59, 72, 77, 88, 98).

73. As described above, AP's allegations of infringement against Seiko Japan and Epson Philippines in the ED Texas Complaint, including of infringement of the '458 Patent, are based on conduct of Epson America in the United States.

74. In the ED Texas Complaint, AP alleges that the Epson EpiqVision Mini EF12 Smart Streaming Laser Projector, Epson PowerLite 1288 Full HD 1080p Meeting Room Projector with Built-in Wireless and Miracast, and Epson Moverio BT-40S Smart Glasses with Intelligent Touch Controller families of products that include 802.11n and above capabilities infringe claim 1 of the '458 Patent. (Ex. A, at ¶¶ 48, 49).

75. None of the Epson EpiqVision Mini EF12 Smart Streaming Laser Projector, Epson PowerLite 1288 Full HD 1080p Meeting Room Projector with Built-in Wireless and Miracast, or Epson Moverio BT-40S Smart Glasses with Intelligent Touch Controller infringe claim 1 of the '458 Patent because they do not include the following elements: "a number (Q) of Orthogonal Frequency Division Multiplexing (OFDM) modulators, each OFDM modulator producing a frame having at least one inserted symbol, a plurality of data symbols, and cyclic prefixes;" "Q transmitting antennas, each transmitting antenna connected to a respective OFDM modulator, the transmitting antennas configured to transmit a respective frame over a channel;" "a number (L) of receiving antennas for receiving the transmitted frames;" and "L OFDM demodulators, each OFDM demodulator corresponding to a respective receiving antenna, the L OFDM demodulators including a synchronization circuit that processes the received frame in order to synchronize the received frame in both time domain and frequency domain, wherein each of the L OFDM demodulators comprises: a pre-amplifier; a local oscillator; a mixer having a first input and a second input, the first input connected

to an output of the pre-amplifier, the second input connected to an output of the local oscillator; an analog-to-digital converter (ADC) connected to an output of the mixer; the synchronization circuit having one input connected to an output of the ADC; a cyclic-prefix remover connected to an output of the synchronization circuit; a serial-to-parallel converter connected to an output of the cyclic prefix remover; and a discrete Fournier transform (DFT) stage connected to an output of the serial-to-parallel converter, an output of the DFT stage connected to another input to the synchronization circuit," as claimed in claim 1 of the '458 Patent.

76.   Accordingly, Epson America has not infringed and does not infringe claim 1 of the '458 Patent, either directly, indirectly, literally, or under the doctrine of equivalents.

77.   An actual and justiciable controversy therefore exists between Epson America and AP regarding whether Epson America has infringed the '458 Patent.

78.   A judicial declaration is necessary to determine the parties' respective rights regarding the '458 Patent.

79.   Epson America is entitled to a judgment declaring that it has not infringed and does not infringe claim 1 of the '458 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

## COUNT IV: NON-INFRINGEMENT OF U.S. PATENT NO. 6,847,803

80.   Epson America repeats and realleges each and every allegation contained in Paragraphs 1 through 49 as though fully set forth herein.

81.   In the ED Texas Complaint, AP claims it is the owner of the '803 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to enforce the '803 Patent against alleged infringers and to collect damages for all relevant times.  (Ex. A, at ¶ 63).

82.   In the ED Texas Complaint, AP alleges that Seiko Japan and Epson Philippines directly infringe claim 1 of the '803 Patent.  (Ex. A, at ¶ 65).

83.     As described above, AP's allegations of infringement against Seiko Japan and Epson Philippines in the ED Texas Complaint, including of infringement of the '803 Patent, are based on conduct of Epson America in the United States.

84.     In the ED Texas Complaint, AP alleges that the Epson EpiqVision Mini EF12 Smart Streaming Laser Projector and Epson Moverio BT-350 Smart Glasses families of products that include 802.11ac beamforming capabilities infringe claim 1 of the '803 Patent.  (Ex. A, at ¶¶ 64, 65).

85.     Neither the Epson EpiqVision Mini EF12 Smart Streaming Laser Projector nor the Epson Moverio BT-350 Smart Glasses practice the method of claim 1 of the '803 Patent because they do not perform a method that includes the following:  "reducing interference in a receiver for receiving information in receiving time slots," "in which receiver signals are received with at least a first antenna (ANT1) and a second antenna (ANT2)," and "characterized in that, on the basis of signals received with said first antenna (ANT1) and second antenna (ANT2) at moments of time other than in said receiving time slot, when no information is being received, a reference signal representing interference in said other time slot is formed and used for the tuning of the receiver in said receiving time slots," as claimed in claim 1 of the '803 Patent.

86.     Accordingly, Epson America has not infringed and does not infringe claim 1 of the '803 Patent, either directly, indirectly, literally, or under the doctrine of equivalents.

87.     An actual and justiciable controversy therefore exists between Epson America and AP regarding whether Epson America has infringed the '803 Patent.

88.     A judicial declaration is necessary to determine the parties' respective rights regarding the '803 Patent.

89.     Epson America is entitled to a judgment declaring that it has not infringed and does not infringe claim 1 of the '803 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Epson America respectfully requests that judgment be entered in its favor and against defendant AP, and prays that the Court grant the following relief to Epson America:

a.     A judgment declaring that Epson America has not infringed and does not infringe claim 30 of the '782 patent, either directly, indirectly, literally, or under the doctrine of equivalents;

b.     A judgment declaring that Epson America has not infringed and does not infringe claim 1 of the '304 patent, either directly, indirectly, literally, or under the doctrine of equivalents;

c.     A judgment declaring that Epson America has not infringed and does not infringe claim 1 of the '458 patent, either directly, indirectly, literally, or under the doctrine of equivalents;

d.     A judgment declaring that Epson America has not infringed and does not infringe claim 1 of the '803 patent, either directly, indirectly, literally, or under the doctrine of equivalents;

e.     A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorney's fees, costs, and expenses incurred by Epson America in this action;

f.     An order awarding Epson America its costs of suit incurred in this action; and

g.     Such other and future relief as this Court may deem just and proper.

Dated: December 21, 2021                          Respectfully submitted,


                                                   */s/ Steven J. Corr*
                                                  Steven J. Corr
                                                  sjcorr@jonesday.com
                                                  Jonathan McNeal Smith
                                                  jonathansmith@jonesday.com
                                                  **JONES DAY**
                                                  555 South Flower Street
                                                  Fiftieth Floor
                                                  Los Angeles, CA  90071.2452
                                                  Telephone: +1.213.489.3939
                                                  Facsimile:  +1.213.243.2539


                                                  William E. Devitt
                                                  wdevitt@jonesday.com
                                                  Matthew J. Hertko
                                                  mhertko@jonesday.com
                                                  **JONES DAY**
                                                  77 W. Wacker Drive
                                                  Suite 3500
                                                  Chicago, IL  60601
                                                  Telephone: +1.312.782.3939
                                                  Facsimile:  +1.312.782.8585


                                                  *Counsel for Plaintiff*
                                                  *Epson America, Inc.*

1

**DEMAND FOR JURY TRIAL**

2   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil L.R. 3-6,

3   Epson America hereby demands a trial by jury on all issues and claims so triable.

4

5   Dated:  December 21, 2021                    Respectfully submitted,

6
                                                 */s/ Steven J. Corr*
7                                                Steven J. Corr
                                                 sjcorr@jonesday.com
8                                                Jonathan McNeal Smith
                                                 jonathansmith@jonesday.com
9
                                                 **JONES DAY**
10                                               555 South Flower Street
                                                 Fiftieth Floor
11                                               Los Angeles, CA  90071.2452
                                                 Telephone: +1.213.489.3939
12                                               Facsimile:  +1.213.243.2539
13

14

15                                               William E. Devitt
                                                 wdevitt@jonesday.com
16                                               Matthew J. Hertko
                                                 mhertko@jonesday.com
17
                                                 **JONES DAY**
18                                               77 W. Wacker Drive
                                                 Suite 3500
19                                               Chicago, IL  60601
                                                 Telephone: +1.312.782.3939
20                                               Facsimile:  +1.312.782.8585
21

22

23                                               *Counsel for Plaintiff*
                                                 *Epson America, Inc.*
24

25

26

27

28